Filed 1/18/24  P. v. Taplin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>GARRETT EDWARD TAPLIN,<br><br>     Defendant and Appellant. | G062284<br><br>(Super. Ct. No. 11NF1700)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Garrett Edward Taplin on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. (*Id*. at p. 438.) Under these circumstances, the court must conduct an independent review of the entire record. (*Ibid*.) When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to an issue that might arguably support an appeal. Counsel questioned whether the trial court had jurisdiction to order correction of Taplin's criminal record to reflect his conviction in Orange County Superior Court case No. C-50346 for one count of violation of Penal Code section 288, subdivision (a) (all further statutory references are to the Penal Code, unless otherwise indicated).

We gave Taplin 30 days to file written argument on his own behalf. Taplin filed a supplemental brief, and we address his claims anon.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we found no arguable issues on appeal. We affirm the judgment.

FACTS

The sole issue is whether the trial court erred by declining to correct Taplin's criminal record and forward that correction to the Department of Corrections and Rehabilitation (DCR). Accordingly, we only briefly describe the underlying facts.

2

Following a jury trial in October 2012, a jury found Taplin guilty of sexual penetration by a foreign object by force (§ 289, subd. (a)) (count 1); assault with intent to commit rape (§ 220, subd. (a)) (count 2); and child annoyance with a prior sex conviction (§647.6, subds. (a)(1), (c)(2)) (count 3). As to count 1, it was alleged Taplin suffered a prior conviction for a violation of section 288, subdivision (a), a lewd and lascivious act on a minor under the age of 14, on May 10, 1983, Orange County Superior Court case No. C-50346, within the meaning of section 667.61, subdivisions (a) and (d), and did not qualify for probation under section 1203.066, subdivision (c), and as a habitual sexual offender under section 667.71, subdivision (a). The court found that prior conviction true under section 667, subdivisions (a)(1), (d), and (e)(1), and section 1170.12, subdivisions (b) and (c)(1).

In November 2012, the trial court sentenced Taplin to 67 years to life in prison as follows: count 2-the upper term of six years doubled to 12 years plus a consecutive term of five years for the prison prior; and count 1-25 years to life doubled to 50 years to life. The court stayed the sentence on count 3 pursuant to section 654. We affirmed the judgment in its entirety. (*People v. Taplin* (Jan. 30, 2014, G047672) [nonpub. opn.].)

In January 2023, Taplin filed a motion to correct the record transmitted to the DCR. In the motion, Taplin alleged the trial court erroneously "found true beyond a reasonable doubt that [he] had [s]uffered a prior felony conviction for violating . . . [section] 288[, subdivision (a),] oral copulation[,] a conviction that [he] had never suffered." Further, "the information in [his] criminal history file incorrectly reflects that [he] has been convicted of two counts for violating . . . [section] 288[,] subd[ivision] (a)[,] [l]ewd [a]ct [with a] minor." The amended information in the underlying matter reflects a single violation of section 288, subdivision (a), on May 10, 1983, in Orange County Superior Court case No. C-50346.

The trial court denied the motion stating the following: "[Taplin], in pro[pria] per[sona], moves for correction of information transmitted to the [DCR]. Specifically, [he] contends that a) his criminal history erroneously reflects [he] sustained convictions on two counts of violating . . . section 288[, subdivision] (a) and one count of violating [former] section 288a and b) the trial record mistakenly reflects [he] suffered a prior felony conviction for violating section 288a. [¶] [Taplin] does not set forth grounds warranting the requested relief. The substance of [his] claim regarding the trial record has been previously considered and denied by the court via habeas corpus. Pursuant to Evidence Code [s]ection 452[, subdivision] [(d)], the [c]ourt takes judicial notice of its own records in Orange County Superior Court case [No.] M-16918 wherein the substance of [his] contention was considered and denied on March 3, 2017. Absent a change in the applicable facts or the law, a court will not consider claims of error . . . . [¶] To the extent [he] contends information maintained by the California Department of Justice pertaining to [his] criminal history in [*sic*] inaccurate, [his] remedy is to seek review and possible correction of the same by the Department of Justice and not from the court pursuant to . . . section 1203.01. ([§] 11126.)" Taplin filed a timely notice of appeal.

DISCUSSION

In his supplemental brief, Taplin argues "neither the i[n]formation nor the abstract of judgment by themselves can establish and find [him] guilty beyond a reasonable doubt without an expressed legal, and correct finding by the trial court." He provides only a small portion of the sentencing transcript. The transcript does indicate the "[section] 969 packet," as well as Taplin's "rap sheet," were offered in evidence.

A court may rely on various documents to establish a record of conviction. The statute providing for admissibility of certified prison records as proof of a prior conviction is essentially a hearsay exception, allowing, but not requiring, certified copies of specified records to be used for truth of matter asserted therein, that is, that a person

4

served a prison term for a prior conviction. Section 969b provides, in part, that "records or copies of records of any state penitentiary, reformatory, county jail, city jail, or federal penitentiary in which [defendant] has been imprisoned" may be used to establish prima facie evidence of prior convictions, provided "such records or copies thereof have been certified by the official custodian of such records." These records are commonly referred to as the "969 packet."

Here, after examining the documents submitted, the trial court found "there's been proof beyond a reasonable doubt that [Taplin] suffered those prior state prison commitments under [section] 667.5[, subdivision] (b)." We conclude that based on the record before us, there is no error for the trial court to correct.

In terms of alleged incorrect information maintained by the Department of Justice pertaining to Taplin's criminal history, we agree with the trial court. Taplin should seek review and possible correction of the information by the Department of Justice.

DISPOSITION

The judgment is affirmed.

O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.

5